## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIGH PERFORMANCE PROPERTIES NO. 3, LLC,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  24-1821** |
| **EDUCATIONAL MANAGEMENT, INC.,** **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Defendant Educational Management, Inc.'s ("Defendant") motion for leave to file amended and restated answer with compulsory counterclaim.[1] High Performance Properties No. 3, LLC ("Plaintiff") filed an opposition.[2]

## BACKGROUND

On July 19, 2024, Plaintiff filed a complaint alleging that it owns a commercial building located at 3200 Cleary Avenue in Metairie, Louisiana (the "Property").[3] Plaintiff alleges that on July 1, 2013, it began leasing this building to Defendant (the "Lease").[4] Plaintiff alleges the Lease was renewed on July 1, 2021 for a five year period, which extended the Lease through June 30, 2026.[5] Plaintiff alleges under the Lease, Defendant owes rent of $33,500 per month.[6] If rent is not paid before the tenth day of each month, Plaintiff alleges the Lease stipulates a late fee of 5% of the rental payment due.[7] On October 17, 2024, Defendant filed an answer to Plaintiff's complaint.[8] As affirmative

---

[1] R. Doc. 28.
[2] R. Doc. 37.
[3] R. Doc. 1 at ¶ 3.
[4] *Id.* at ¶ 4.
[5] *Id.* at ¶ 5.
[6] *Id.* at ¶ 6.
[7] *Id.* at ¶ 7.
[8] R. Doc. 9.

defenses, Defendant alleged Plaintiff "failed to properly maintain the leased premises as required by Section 15 of the" Lease and "failed to provide proper notice of default and an opportunity to cure the default as required by Section 21 of the" Lease.[9]

Plaintiff's sole claim is breach of contract.[10] Plaintiff alleges that as of July 19, 2024, Defendant had failed to pay rent for the months of May, June, and July, 2024.[11] Plaintiff alleges it has made multiple amicable demands on Defendant.[12] Defendant allegedly still occupies the building at 3200 Cleary Avenue.[13] Plaintiff alleges it has put Defendant in default for past due rent through a June 28, 2024 email.[14] Defendant is allegedly in default of its lease with Plaintiff due to Defendant's failure to pay rents and penalties.[15]

On October 21, 2024, Plaintiff filed a motion for summary judgment arguing that it is uncontested that Defendant failed to pay Plaintiff multiple months rent and is liable to Plaintiff for the unpaid rent.[16] In opposition, Defendant argues only that there are disputed facts with respect to whether Plaintiff satisfied the Lease's pre-suit notice provisions.[17] Plaintiff filed a reply in support of its motion for summary judgment.[18]

On February 4, 2025, Plaintiff moved the Court for leave to file a supplemental memorandum in support of its motion for summary judgment and a supplemental statement of undisputed material facts to reflect that it has satisfied the Lease's pre-suit notice requirements.[19] The Court granted Plaintiff's motion and also granted Defendant

---

[9] *Id.* at pp. 3-4.
[10] *See generally* R. Doc. 1.
[11] *Id.* at ¶ 8.
[12] *Id.* at ¶ 9.
[13] *Id.*
[14] *Id.* at ¶ 10.
[15] *Id.* at ¶ 11.
[16] R. Doc. 14.
[17] R. Doc. 17.
[18] R. Doc. 20.
[19] R. Doc. 25; R. Doc. 25-1.

leave to file a supplemental opposition.[20] On February 7, 2025, Plaintiff filed a supplemental memorandum in support of its motion for summary judgment and a supplemental statement of undisputed material facts.[21]

On February 18, 2025, Defendant filed (1) a motion for leave to file amended and restated answer with compulsory counterclaim and (2) its opposition to Plaintiff's supplemental memorandum in support of Plaintiff's motion for summary judgment (Defendant's "supplemental opposition to Plaintiff's motion for summary judgment").[22] In its supplemental opposition to Plaintiff's motion for summary judgment, Defendant argues the Court cannot grant Plaintiff summary judgment because there is a dispute of fact regarding the amount of damages Defendant owes Plaintiff for past-due rent.[23] Defendant argues the dispute on the amount of damages arises from Plaintiff's failure to repair the Property's air conditioning unit.[24] Defendant argues Plaintiff's failure to repair the Property's air conditioning unit reduces the rent Defendant owes Plaintiff and creates a material factual dispute related to the amount of damages and which party is responsible for repairing or replacing the air conditioning unit.[25]

In Defendant's proposed amended and restated answer, counterclaim, and affirmative defense, Defendant asserts a counterclaim alleging that its "unpaid rent owed to the [Plaintiff] must be reduced by the costs of the repairs" to the air conditioning unit by Defendant.[26] Defendant alleges it is entitled to dissolution of the Lease because plaintiff

---

[20] R. Doc. 26.
[21] R. Doc. 27; R. Doc. 27-1.
[22] R. Doc. 28; R. Doc. 29.
[23] R. Doc. 29.
[24] *Id.* at pp. 3-9.
[25] *Id.* at pp. 3-8.
[26] R. Doc. 28-3 at ¶¶ 15-25.

has failed to repair the air conditioning unit.[27] In Defendant's supplemental opposition to Plaintiff's motion for summary judgment, Defendant argues "the Court should also deny summary judgment based on the allegations made in [Defendant's] proposed compulsory counterclaim" and that the proposed counterclaim "must be resolved before the Court can grant summary judgment awarding unpaid rent."[28]

Defendant attached a declaration of Brent L. Mills ("Mills"), the President of Defendant's parent corporation, signed under penalty of perjury, to its supplemental opposition to Plaintiff's motion for summary judgment.[29] In his declaration, Mills attests to the problems Defendant has experienced with the Property's air conditioning system.[30] Mills attests that, "[t]o date, EMI has spent $82,498.93 on unsuccessful repairs to the air conditioning system."[31] Defendant attaches "a spreadsheet which itemizes the sums spent by [Defendant] on its repair attempts" to Mills's declaration.[32] All repairs listed in the spreadsheet attached to Mills's declaration are dated before October 17, 2024, the date on which Defendant filed its answer, except for one repair dated November 15, 2024.[33]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 13(a)(1) provides:

A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

    (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

    (B) does not require adding another party over whom the court cannot

---

[27] *Id.* at ¶¶ 26-27.
[28] R. Doc. 29 at pp. 8-9.
[29] R. Doc. 29-1 (Mills Declaration).
[30] *Id.*
[31] *Id.* at ¶ 12.
[32] R. Doc. 29-2.
[33] *Id.*

acquire jurisdiction.[34]

Rule 13(a)(1) refers to "compulsory" counterclaims.[35] "A counterclaim which is compulsory but is not brought is thereafter barred."[36] Under Rule 13(e), "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."

In this case, Defendant seeks leave to amend its answer after the scheduling order's deadline for amended pleadings to add a counterclaim.[37] "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion."[38] Nevertheless, "[w]hen a party seeks to amend after expiration of the deadline for amending pleadings set forth in the Scheduling Order, Rule 16(b) requires the party to establish 'good cause' before analyzing the request under Rule 15(a)(2)."[39] Federal Rule of Civil Procedure 15(a) allows a district court to grant leave to amend freely when justice so requires.[40] The United States Court of Appeals for the Fifth Circuit has described Rule 15(a)'s standard as "more liberal" and "more permissive" than Rule 16(b)'s "good cause" standard.[41] Rule 15(a) "evinces a bias in favor of granting leave to amend."[42]

---

[34] FED. R. CIV. P. 13(a)(1).

[35] *Id.* at (a).

[36] *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974) (citing *Mesker Bros. Iron Co. v. Donata Corp.*, 401 F.2d 275, 279 (4th Cir. 1968)).

[37] R. Doc. 28; R. Doc. 16 at p. 8.

[38] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

[39] *Williams v. Tregre*, No. 23-1095, 2025 WL 721304, at *1 (E.D. La. Mar. 6, 2025).

[40] FED. R. CIV. P. 15(a).

[41] *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Butler v. Taser Int'l, Inc.*, 535 Fed. App'x 371, 372 (5th Cir. 2013) (per curiam) (citing *S&W Enters.*, 315 F.3d at 536).

[42] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted). Leave to amend is not "automatic." *Id.* The Court must possess a "substantial reason" to deny leave to amend. *Id.* "The five relevant considerations for . . . determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment." *Williams*, 2025 WL 721304, at *1.

Federal Rule of Civil Procedure 16(b) allows scheduling orders to "be modified only for good cause and with the judge's consent."[43] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[44] In determining good cause, district courts in the Fifth Circuit consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[45] "Rule 16(b) governs [the] amendment of pleadings after a scheduling order deadline has expired."[46] "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[47]

## LAW AND ANALYSIS

### I.   Defendant's counterclaim is a compulsory counterclaim.

Before analyzing the merits of Defendant's motion, the Court must determine whether Defendant's counterclaim is compulsory or permissive. The compulsory or permissive nature of the counterclaim impacts this Court's analysis of Defendant's motion because, if the counterclaim is compulsory, the Court's denial of Defendant's motion will result in Defendant losing the right to bring its counterclaim in this action and any future actions.[48] The Fifth Circuit has articulated a four-part test for determining whether a counterclaim is compulsory: (1) whether the issues of fact and law raised by the claim and

---

[43] FED. R. CIV. P. 16(b).
[44] *S&W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).
[45] *Id.* at 536.
[46] *Id.*
[47] *Id.*
[48] *Baker*, 417 U.S. at 469 n.1 (citing *Mesker Bros. Iron Co.*, 401 F.2d at 279).

counterclaim are largely the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.[49] "An affirmative answer to any of the four questions indicates the claim is compulsory."[50]

There is a logical relationship between Plaintiff's claims and Defendant's counterclaims and it is likely that substantially the same evidence will support or refute Plaintiff's claims as well as Defendant's counterclaims. Plaintiff's complaint relates to Defendant's failure to pay rent under the Lease.[51] Defendant, in its counterclaims, alleges Plaintiff refused to make repairs to the air conditioning unit in the Property and that Plaintiff's refusal to make repairs entitles Defendant to a reduction in rent and dissolution of the Lease.[52] Both Plaintiff's claims and Defendant's counterclaims arise out of the Lease and relate to Defendant's liability. The Court finds that Defendant's counterclaim is compulsory.

## II. Defendant has not shown good cause for amendment of the scheduling order.

Defendant filed its motion for leave to file an amended and restated answer with compulsory counterclaim on February 18, 2025, which is over two months after the Scheduling Order's December 9, 2024 deadline for amendments to pleadings.[53] Because Defendant's motion for leave to file an amended and restated answer with compulsory

---

[49] *Underwriters at Int. on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 483 n.2 (5th Cir. 1996).
[50] *Id.*
[51] R. Doc. 1.
[52] R. Doc. 28-3 at ¶¶ 15-27.
[53] R. Doc. 28; R. Doc. 16 at p. 8.

counterclaim is untimely, the Court will apply Rule 16(b)(4)'s good cause analysis to determine whether there is good cause to amend the Court's scheduling order.[54] There are four factors courts within the Fifth Circuit analyze to determine whether there is good cause to amend a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[55]

### A. Defendant offers no explanation for its failure to timely move for leave to amend its answer to assert a counterclaim.

The first factor weighs against Defendant. Defendant filed its motion over two months after the scheduling order's deadline for amendments to pleadings, but offers no explanation for its failure to timely move to amend its answer to assert its proposed counterclaims.[56] Defendant's failure to explain its untimeliness weighs against it.[57]

### B. The amendment is important.

The second factor weighs in favor of amendment. In its proposed amended answer, Defendant asserts compulsory counterclaims that potentially dissolve the Lease and reduce Defendant's liability for unpaid rent.[58] Because the counterclaims are compulsory, they are barred if not asserted in this suit.[59] Defendant's proposed amendment is important.[60]

---

[54] *S&W Enters.*, 315 F.3d at 536.

[55] *Id.*

[56] R. Doc. 28-2.

[57] *S&W Enters.*, 315 F.3d at 536 ("Three of the four factors weigh against S&W—the first because S&W offers effectively no explanation.").

[58] R. Doc. 28-3 at ¶¶ 15-27.

[59] *Baker*, 417 U.S. at 469 n.1 (citing *Mesker Bros. Iron Co.*, 401 F.2d at 279).

[60] *Maiden Biosciences, Inc. v. MPM Med., Inc.*, No. 18 -1354, 2019 WL 935478, at *4 (N.D. Tex. Feb. 26, 2019) (citing *Maynard v. PayPal, Inc.*, 2018 WL 5776268, at *5 (N.D. Tex. Nov. 2, 2018)); *Moore v. Home Depot USA, Inc.*, No. 16-810, 2018 WL 8224900, at *2 (M.D. La. July 13, 2018).

**C. There is potential prejudice to Plaintiff in allowing the amendment and a continuance would not cure such prejudice.**

Taking the third and fourth factors together,[61] both weigh against Defendant. Defendant's proposed amended answer and counterclaims, if permitted, would likely require the parties to engage in additional discovery related to Defendant's proposed counterclaims and would require Plaintiff to answer the counterclaims. It likely would be difficult for the parties to complete discovery related to Defendant's proposed counterclaims by the Court's current discovery deadline. Consequently, if the Court were to allow Defendant to amend its answer, the Court likely would have to extend the discovery deadline and other pretrial deadlines, and might have to continue the trial date. A continuance of any deadline will prejudice Plaintiff given Plaintiff's allegation that Defendant is currently occupying the Property on an ongoing basis without paying rent.[62] For this reason, a continuance will not cure the prejudice to Plaintiff. A continuance will only unfairly delay the trial.[63] Thus, the third and fourth factors weigh against Defendant.

In sum, three of the four good cause factors weigh against allowing amendment of the Court's scheduling order. There has not been a showing of good cause to amend the Court's scheduling order and the motion must be denied under Rule 16(b).[64]

---

[61] *VP Sales & Mfg., L.P. v. Guerra*, No. 22-224, 2023 WL 8000316, at *7 (S.D. Tex. Sept. 8, 2023) (citing *Aircraft Holding Solutions, LLC v. Learjet, Inc.*, No. 18- 823, 2021 WL 2434840, at *6 (N.D. Tex. June 15, 2021)) ("Courts sometimes consider the third and fourth factors together.").

[62] *S&W Enters.*, 315 F.3d at 536 ("[T]he third [factor weighs against S&W] because . . . SouthTrust would be required to conduct additional discovery. The fourth factor weighs against S&W because, while a continuance could be granted for additional discovery, the district court found that a continuance would unnecessarily delay the trial."); *Wright v. Louisiana*, No. 21-485, 2023 WL 2612597, at *2 (E.D. La. Mar. 23, 2023) (first citing *S&W Enters.*, 315 F.3d at 536-37; then *Panzer v. Swiftships, LLC*, 2016 WL 9446130, at *3 (E.D. La. July 5, 2016); and then *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *4 (E.D. La. Mar. 27, 2015)) ("Defendants will undoubtedly be prejudiced by a delay of the trial, as discovery deadlines have either passed or are rapidly approaching. Moreover, a continuance will not cure this prejudice, but will instead unnecessarily delay trial . . . . Hence, factors three and four weigh against a showing of good cause."); *Bayou Liberty*, 2015 WL 1415704, at *4; R. Doc. 37 at pp. 5-7.

[63] *S&W Enters.*, 315 F.3d at 536; *Wright*, 2023 WL 2612597, at *2; *Bayou Liberty*, 2015 WL 1415704, at *4.

[64] *See Guerra*, 2023 WL 8000316, at *5-9.

### III.   The Court will not permit Defendant to amend its answer; Defendant was aware of facts supporting its proposed counterclaims before Plaintiff filed suit and waited until Plaintiff filed a motion for summary judgment to seek leave to raise its counterclaims.

Even though Defendant has not demonstrated good cause for modification of the Court's scheduling order and the motion will be denied under Rule 16(b), in an abundance of caution, the Court will determine whether leave to amend should be granted under Rule 15(a). In conducting a Rule 15(a)(2) analysis, a court may deny leave to amend if the party seeking leave has moved to amend in bad faith.[65] "Bad faith amendments include amendments . . . designed to secure a tactical advantage."[66] For example, "when a party is aware of facts and fails to include them in the complaint, that can give rise to the inference that the party was engaging in tactical maneuvers to force the court to consider various theories seriatim."[67] "When a party is aware of facts supporting specific claims before suing, but waits until the summary judgment stage of the lawsuit to seek leave to raise those claims for the first time, the court may properly deny leave to amend for bad faith or dilatory motive."[68] Courts within the Fifth Circuit "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment."[69]

In this case, the Court finds the Defendant moved to amend its answer to gain a tactical advantage. Defendant did not raise arguments related to Plaintiff's failure to

---

[65] *Jones*, 427 F.3d at 994.

[66] *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 561 (E.D. La. 2022).

[67] *Id.*

[68] *Norman v. Webster*, No. 24-240, 2025 WL 699681, at *3 (E.D. La. Feb. 28, 2025) (citing *Wimm*, 3 F.3d at 141).

[69] *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (first citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 & n.2 (5th Cir. 1992); then *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981); and then *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967)) (finding that the district court did not abuse its discretion in denying a plaintiff's motion for leave to amend her complaint where the plaintiff filed the motion to amend her complaint on the same day the defendant filed a motion for summary judgment).

repair the Property's air conditioning in its first opposition to Plaintiff's motion for summary judgment.[70] Defendant's first opposition argues only that Plaintiff failed to satisfy the Lease's pre-suit notice provisions.[71] It was not until Plaintiff corrected the notice defect and the Court permitted supplemental briefing on Plaintiff's motion for summary judgment that Defendant sought leave to amend its answer to add its counterclaims and argued that Plaintiff's failure to replace the Property's air conditioning unit precludes the Court from granting summary judgment.[72] Indeed, Defendant filed both its motion for leave to file amended and restated answer with compulsory counterclaim and its supplemental opposition to plaintiff's motion for summary judgment on the same day.[73] Defendant even argues that "[s]ummary judgment is not appropriate because [Defendant] has filed a proposed counterclaim which seeks a reduction in rent, damages and dissolution of the lease because [Plaintiff] has failed to properly maintain the leased premises."[74] Through this argument, Defendant attempts to use its amended answer as a tactic to defeat Plaintiff's motion for summary judgment.

Defendant was aware of the facts giving rise to its proposed counterclaims before it answered Plaintiff's complaint. Each repair to the Property's air conditioning unit relevant to Defendant's proposed counterclaims occurred before Defendant filed its original answer except one.[75] Thus, Defendant knew about the issue regarding the Property's air conditioning unit before Defendant filed its answer to Plaintiff's complaint and could have asserted its counterclaims in its original answer.[76] In fact, out of the

---

[70] R. Doc. 17.
[71] *Id.*
[72] R. Doc. 26; R. Doc. 28; R. Doc. 29.
[73] R. Doc. 28; R. Doc. 29.
[74] R. Doc. 29 at p. 8.
[75] R. Doc. 29-2; R. Doc. 9.
[76] R. Doc. 9; R. Doc. 29-2.

$82,498.93 Mills claims Defendant spent to repair the Property's air conditioning unit, only $462.80 was spent after Defendant filed its answer.[77]

The Court must "carefully scrutinize" Defendant's motion for leave to file an amended and restated answer with compulsory counterclaim because the Court may infer that Defendant (1) moved to amend its answer in an attempt to gain a tactical advantage over Plaintiff after Plaintiff filed a motion for summary judgment, and (2) Defendant knew of the facts giving rise to the proposed amendments to its answered before it originally answer Plaintiff' complaint.[78] The Court concludes the Defendant acted with bad faith and dilatory motive in moving to amend its answer. As a result, the Court possesses a substantial reason to deny amendment under Rule 15(a) and will not permit Defendant to amend its answer.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion for leave to file an amended and restated answer with compulsory counterclaim is **DENIED**.[79]

**New Orleans, Louisiana, this 25th day of March, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[77] R. Doc. 9; R. Doc. 29-1 at ¶ 12; R. Doc. 29-2.
[78] *Parish*, 195 F.3d at 764.
[79] R. Doc. 28.